**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Jacquelyn A. Marzan, | Case No. 2:21-cv-01647-DJA |
| Plaintiff, | |
| v. | **Order** |
| Kilolo Kijakazi, | |
| Defendant. | |

Before the Court is Plaintiff's motion for attorneys' fees under the 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). (ECF No. 20). Plaintiffs moves for an award of attorneys' fees following the parties' stipulation to remand her Social Security case. (*Id.*). The Commissioner does not object to the merits of Plaintiff's request but opposes it because Plaintiff's motion was about two months late. (ECF No. 22). Plaintiff did not file a reply.

**I.      Discussion**

A party seeking fees and costs under the EAJA must file the application within "thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). "Final judgment" means "a judgment that is final and not appealable, and includes an order of settlement[.]" 28 U.S.C. § 2412(d)(2)(G). Under Federal Rule of Appellate Procedure 4(a)(1)(B), when one of the parties is a United States agency, an appeal may be filed within 60 days after entry of the order appealed from. Therefore, the 30-day EAJA timeframe would begin to run after the 60-day timeframe to appeal expires. *Wyatt v. Berryhill*, No. 3:17-cv-00220-HDM-WGC, 2019 WL 1647794, at \*2 (D. Nev. Mar. 21, 2019). In other words, the prevailing party has 90 days from the date the order is entered with a sentence four remand to file the EAJA application for fees and costs. *See Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir 1995) (explaining that, "[i]f the district court enters judgment reversing and remanding under sentence four [of 42 U.S.C. § 405(g)], then the claimant must apply for fees within 30 days of the date that the judgment becomes final."); *Wyatt*, 2019 WL 1647794, at \*2.

"This deadline is strictly interpreted and enforced." *Western Watersheds Project v. Bureau of Land Management*, No. 3:06-cv-00527-LRH-RAM, 2009 WL 2710073, at *2 (D. Nev. Aug. 25, 2009) (citing *Arulampalam v. Gonzalez*, 399 F.3d 1087, 1099 (9th Cir. 2005) (denying a motion for attorney's fees that was mailed to the court on the thirtieth day but filed a few days later); *Al-Harbi v. INS*, 284 F.3d 1080, 1082 (9th Cir. 2002) (holding that applications under the EAJA must be filed "within [thirty] days of final judgment"); *Columbia Mfg. Corp. v. NLRB*, 715 F.2d 1409, 1410 (9th Cir. 1983) (denying a fees application filed thirty-three days after final disposition)).

The Court denies Plaintiff's motion for fees as untimely. The Court entered judgment in favor of Plaintiff on May 4, 2022 (ECF No. 19), following the parties' stipulation to remand pursuant to 42 U.S.C. § 405(g), sentence four (ECF No 17). But Plaintiff did not file her motion for attorneys' fees by August 2, 2022, 90 days later. Instead, she filed it on October 3, 2022. (ECF No. 20). This was nearly two months late. But Plaintiff's motion does not acknowledge this. Instead, it simply attaches an email showing that Plaintiff's motion was erroneously filed in an old case on July 15, 2022, a mistake which was caught on October 3, 2022. (ECF No. 20-3). Plaintiff's motion includes no explanation about the delay, no reference to or discussion about the email, and no declaration authenticating the email.

**IT IS THEREFORE ORDERED** that the motion for attorney's fees (ECF No. 20) is **DENIED**.

DATED: January 30, 2023

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE